KNIGHTS & LADIES OF HONOR v. C. C. BURKE.

(No. 3518.)

APPEAL from Bowie County. Opinion by WILLSON, J.

TOLBERT & TOLBERT, counsel for appellants.

CHAS. S. TODD, counsel for appellee.

§ 165. *Benefit certificate; voluntary payment; public policy.* One Pinson was a member of the order of the Knights & Ladies of Honor, and held two benefit certificates thereon, aggregating $3,000. Appellee, Burke, was the beneficiary in said certificates. Burke had no insurable interest in the life of Pinson. Burke paid dues and assessments for Pinson to the amount of $189.20. Appellant had no notice that Burke, and not Pinson, paid said dues and assessments. Burke ceased to pay dues and assessments for Pinson, and, while Pinson still lived, brought this suit to recover of appellant the said sum of $189.20, paid out as aforesaid. He recovered judgment for said amount in both the justice's and county court. We are of the opinion that the judgment is wrong. Appellee could not be beneficiary in the certificates, and could not legally claim or recover the insurance upon the death of Pinson. Having no insurable interest in the life of Pinson, public policy would not permit him to be recognized as a beneficiary in said certificates. [Price .v. Lodge, 68 Tex. 361.] His payment

of the dues and assessments for Pinson was an arrangement between Pinson and himself, with which appellant had nothing to do.   There was no privity of contract between him and appellant.   Appellant was entitled to the amount paid from Pinson, and not. from Burke, but, if Burke saw proper to pay the same for Pinson, he must look to Pinson and not to appellant for reimbursement. The certificates are not void, except as to Burke, but, upon Pinson's death, would be payable to his heirs. Burke might, in the event of Pinson's death, have an equitable claim upon the money collected upon the certificates; but this question is not in this case. [Schonfield v. Turner, 75 Tex. 324.]

November 12, 1890.        Reversed and remanded.