## FIRST STATES LIFE CO. v. STROUD.

### No. 3709.

Court of Civil Appeals of Texas. El Paso.

Sept. 15, 1938.

Rehearing Denied Oct. 20, 1938.

Gammage, Gammage & Bauer, of Houston (Earl W. Gammage, of Houston, of counsel), for appellant.

Caves & Waldrop, of Henderson, for appellee.

WALTHALL, Justice.

This case presents an appeal from an order of the County Court at Law of Dallas County, sustaining appellee's plea of privilege to be sued in Rusk County, the county of her residence.

The pertinent facts involved in this case are substantially the following:

On March 30, 1936, Claud H. Stroud made a written application for a policy of life insurance with the Brazos Life Insurance Company. On that application the Brazos Life Insurance Company, at Bryan, Texas, its Home Office, issued to Claud H. Stroud its life insurance policy, in which appellee, Ophelia L. Stroud, is the beneficiary.

On September 15, 1936, appellant, First States Life Company, by its written contract with the receiver of the Brazos Life Insurance Company, referred to as its Re-Insurance Contract, agreed to reinsure all of the policies of Brazos Life Insurance Company in such cases where the insured is in good health at the time of the delivery to him of the certificate of assumption of liability of appellant upon the basis and subject to the conditions stated at length, and which conditions embraced the truth of the matters contained in the application for insurance as to good health of the applicant, and which reinsurance agreement was approved by the District Court of Travis County, before whom the receivership of Brazos Life Insurance Company was pending.

On May 19, 1937, appellant filed this suit in the Dallas County Court at Law against appellee to cancel the policy of insurance issued to Claud H. Stroud by the Brazos Life Insurance Company and its reinsurance certificate, and to recover its costs incurred, upon the grounds that the representations, statements and warranties contained in the application of Claud H. Stroud for insurance as to his good health, stating them, were false and fraudulent; that by said statements appellant was led to believe that he was in good health, and, so believing, issued its certificate of assumption of liability; that said representations and statements were material to the risk. Appellant alleged a tender of the premiums received.

Appellee in due time filed her verified plea of privilege to be sued in Rusk County and to have this case transferred to the District Court of that county, the county of her residence. The plea of privilege is in proper statutory form of such pleas.

Appellant, First States Life Company, answered appellee's plea of privilege by general demurrer and by a "verified controverting affidavit," stating, in substance, that the plea of privilege is untrue and incorrect on the grounds following: Appellant adopts the allegations in its original petition; states, in substance, that its certificate of assumption of liability on the policy of the Brazos Life Insurance Company on the life of the insured, Claud H. Stroud, was conditioned on the good health of the insured at the time of the delivery to him, and subject to all of the terms and conditions in appellant's re-insurance agreement and which re-insurance agreement provides in writing that its assumption of liability certificate is due and payable at appellant's Home Office in Dallas County; that the application for insurance made by Claud H. Stroud was false and untrue, stating wherein it were false and untrue, and that Stroud knew at the time that his statements were false and untrue; that appellant was induced by said false and untrue state-

ments to issue its certificate of assumption of liability and did not know otherwise, and that Stroud expressly agreed in writing that if any of his answers were not full and complete, then the policy issued thereon would be null and void.

The trial court overruled appellant's general demurrer, heard the evidence offered on the plea of privilege and controverting affidavit, found in favor of appellee's plea, and entered its order accordingly, from which this appeal is prosecuted.

### Opinion.

The trial court, on objection, excluded from evidence the application of the insured, Claud H. Stroud, for the insurance policy issued to him by the Brazos Life Insurance Company. Appellant assigned as error the exclusion of such application. Appellant alleges the Brazos Life Insurance Company to be a mutual assessment life insurance corporation. We do not find in the evidence that such application or a copy thereof is attached to the policy issued by that insurance company to Stroud. A part of Section 11 of Article 4859f, Vernon's Annotated Civil Statutes of this State, provides: "Nothing in any application for the policy shall constitute a defense against any claim or loss under the policy unless a copy of said application is attached to the policy."

■ Appellant contends that the representations made by Stroud in the application as to his health were not true, and that therefore the company was deceived thereby. Conceding that the Brazos Life Insurance Company, in issuing its policy, was deceived by the false representations in the application as to health, certainly appellant, its successor, can have no more rights in its matter of defense than the Brazos Life Insurance Company to which the application was made.

We think the case of Adams v. Lasalle Life Insurance Company, Tex.Civ.App., 99 S.W.2d 386, writ of error dismissed, has application to this case.

It is claimed that by reason of the false statements in the application as to the health of Stroud, a fraud was committed upon appellant in Dallas County, and that by reason of such fraud the venue of the suit is properly in Dallas County. The uncontroverted evidence shows that the application of Stroud for the policy of insurance was to the Brazos Life Insurance Company and was received by that company at its Home Office at Bryan, Brazos County, and was there acted upon in issuing the policy. There is no evidence to show that any statements in the application, or otherwise, were made or acted upon in Dallas County, in issuing the policy.

■ The burden was upon appellant to prove a prima facie cause of action for fraud committed in Dallas County, the exception pleaded in the controverting affidavit, to have the venue in that county.

Neyland et al. v. Benson, Tex.Civ.App., 292 S.W. 251, reviewed by the Commission of Appeals on application for mandamus, Benson v. Jones, 117 Tex. 68, 296 S.W. 865, in which Judge Powell, for the Commission of Appeals, said [page 867]: "It is clear that the Court of Civil Appeals reversed the trial court and sent the case to Hunt county because there was no proof that the Neylands, or either of them, made any false statement in Dallas county. This allegation was the very crux of the controverted plea of privilege." See, also, Sterling Mutual Life Insurance Company v. Larson, Tex.Civ.App., 99 S.W.2d 1013; Durango Land & Timber Co. v. Shaw, Tex.Civ.App., 165 S.W. 490; Williamson v. Patterson, Tex.Civ.App., 106 S.W.2d 753, and cases there cited.

■ Had the excluded application been admitted in evidence, and conceding that the statement therein as to the health of Stroud was false, could such statement have the effect to give the Dallas Court the venue of the suit? The application, as stated, was made to the Brazos Life Insurance Company. As said by Mr. Cooley in his work on Torts, page 493, "No one has a right to accept and rely upon the representations of others but those to influence whose actions they were made," etc. Hindman v. First National Bank of Louisville, C.C., 86 F. 1013, 1017.

■ Fraud implies a wrongful act and one wrongly acted upon, and under the venue statute, the fraud, in this case, to be effective for the purpose of venue, must have been committed in Dallas County, which the evidence does not show.

The case is affirmed.