## SUBLETT v. WORLD INS. CO.
### No. 14099.

Court of Civil Appeals of Texas. Dallas.
Sept. 30, 1949.

John N. Touchstone and George C. Cochran, both of Dallas, for appellant.

Jack C. Burroughs, of Dallas, for appellee.

BOND, Chief Justice.

Appellant Alice Joyce Sublett instituted this suit against appellee World Insurance Company in a County Court of Dallas County for refund of premiums paid by her for lifetime disability benefits resulting for loss of life, limb or sight, resulting from bodily injuries through accidental means, and for loss of time, beginning while such policy is in force, resulting from disease contracted during the term of the policy. The policy issued to appellant provides, pertinent here, that such coverage is subject to all the provisions and limitations contained in the policy, including all endorsements and attached papers. And further provides that: "2. No statement made by the applicant for insurance not included herein shall avoid the policy or be used in any legal proceeding hereunder. No agent has authority to change this policy or to waive any of its provisions. No change of this policy shall be valid unless approved by an executive officer of the Company and such approval be endorsed hereon." Attached to the policy is a true photostat of the insured's application for the insurance given to a solicitor of the company, reciting interrogatories to and answers by the appellant, material here: "9. Have you received medical or surgical advice or treatment or had any local or constitutional disease within the past five years? Answer as to each. Yes. When? Various times. For what? Illness (1943). Lasting? Week or ten days. When? Cold. For what? Cystitis. Full recovery.

10. Have you ever been operated on? Yes. When? About six years ago. For what? Suspension." The application was forwarded to the defendant's Home Office in Omaha, Nebraska, where on January 3, 1945, the Executive Officer of the Company executed the policy, endorsing thereon the following limitation or exclusion to the disease coverage: "This policy is issued with the understanding that neither the holder of this policy nor his beneficiary shall be entitled to any benefits for loss resulting wholly or in part directly or indirectly from any disease of the genito-urinary organs or operation therefor. All of which the insured agrees to by the acceptance of this policy. ———— Secretary." (The signature is undecipherable). In due time the policy was forwarded by mail directly to the insured, with forwarding letter from the company.

The appellant contended in the court below and urges the contention here that she never accepted the policy with the exclusion of or limitation to the coverage as contained in the above endorsement, and would not have accepted it had she known or been advised of such limitation and exclusion. Such contention is the controlling issue involved in this suit.

The cause was tried to the court below without a jury and judgment rendered, we think properly, that the policy was in law accepted by the insured; and, in law, she received all of the protective benefits related in the policy, exclusive of that incident to the disease of the "genito-urinary organs or operation therefor," during the time she paid the premiums as provided therein. The policy was binding upon both the company and the insured. The policy, according to its terms, with all its provisions and limitations, constituted the contract between the parties.

█ The evidence is uncontroverted that appellant received the policy during the month of January 1945 and that she placed the same in a lock box without reading the policy; hence she did not know, according to her testimony, that it contained the limitation as endorsed thereon until she made claim in February 1948 for her sick benefits resulting from the disease or condition expressly excluded from the coverage per the endorsement thereon. She testified further that she could read and write and that there was nothing to prevent her from reading the policy nor was there anything to prevent her from taking it to her attorney for examination had she desired to do so. The fact that the insured, without cause, did not read the policy and knew nothing of its provisions is not sufficient to authorize a court to hold that the insured or the insurer is not bound by all its terms.

█ The continued retention of the policy and the payment of the annual premiums for a period of more than three years with binding effect on the insurance company shows acquiescence in and ratification of the policy. Hence neither party to the policy would be allowed to assert the contrary. Ribble v. Roberts, Tex.Civ.App., 180 S.W. 620. One who holds a policy of insurance for several years, or even months, without ascertaining that it was not the policy he ordered, must be deemed to have accepted it in the form in which it was actually issued.

In the case of Texas Prudential Ins. Co. v. Howell, Tex.Civ.App., 119 S.W.2d 1100, this court, passing on a similar matter. as here, held in effect (Syl. 1): "Assured and beneficiary, having life insurance policy in their possession at all material times after its delivery to them, were bound by its terms, regardless of reading thereof." Citing in support, Fitzmaurice v. Mutual Life Ins. Co., 84 Tex. 61, 19 S.W. 301; Texas State Mutual Life Ins. Co. v. Richbourg, Tex.Com.App., 257 S.W. 1089; Home Ins. Co. of New York v. Lake Dallas Gin Co., 127 Tex. 479, 93 S.W.2d 388, 391.

█ Furthermore, appellant contends that she was induced by fraud of the soliciting agent to make her application for the insurance, in that the agent represented to her and her attorney that the policy to be issued on her application would not be different from that of a specimen policy shown to her which did not have the endorsed limitation clause, and but for such fraud she would not have made the application for the policy or received same. It is uncontroverted in evidence that the

soliciting agent had an exact specimen of the policy of insurance in question, save the limitation endorsement excluding the specific disease; and that he represented to appellant and her attorney that she would receive upon her application a true replica of the exhibited specimen. However, she having received the policy ostensibly in response to her application, irrespective of such inducing fraud of the agent, she was bound as a matter of law to examine the policy received within a reasonable time after it came into her hands and to discover the obvious departure therein from the one which she was supposed to get, and, promptly after discovering the same, to rescind the transaction and give the insurance company due notice thereof, or be held to have accepted the policy as satisfying her application. A reasonable time began to run when she received the policy; and a delay of more than three years, paying the annual premiums until she became afflicted with the illness expressly excluded from the coverage, and then making claim for the benefits, is too long a time before moving to rescind and claim refund of premiums paid. A lack of diligence is manifest.

We have carefully considered all points raised by appellant; they are overruled. Judgment affirmed.