**HOLLAND et al. v. PYRAMID LIFE INS. CO. OF LITTLE ROCK.**

No. 14096.

United States Court of Appeals
Fifth Circuit.

Nov. 25, 1952.

T. B. Coffield, Bowie, Tex., for appellants.

Hardy Moore, Paris, Tex., James I. Teague, Little Rock, Ark., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought against the defendant, upon its assumption [1] of a term policy, No. 3950, which Planet Insurance Company had issued upon the life of one Tom Holland, naming the plaintiffs as beneficiaries, the

---

1. This policy, along with others which had been issued by the Planet Insurance Co.

was assumed under a reinsurance agreement executed by defendant with the ap-

suit was for the rescission of the contract and recovery of all the premiums plaintiffs had paid on it.

Their claim in substance was: that an agent of Planet Insurance Company, by falsely representing to plaintiffs, the nephews of the insured, that they could lawfully be named as beneficiaries and as such could receive the proceeds of the policy if and when it became a claim, had persuaded and induced Tom Holland to apply for, and them to pay the premiums on, the policy; that they did not know, and Planet and its agent did know, that they were without insurable interest and could not, therefore, as beneficiaries, receive the proceeds of the policy as their own; that, relying on the representations of Planet and its agent, they had, during the life of the policy, duly paid either to Planet or Pyramid each of the premiums as it became due; and that, because of the fraud of Planet, the issuance of the assumption certificate, and the subsequent receipt of premiums by it, defendant became liable to plaintiffs for all premiums paid with interest and costs.

Defendant pleaded: (1) the failure of the complaint to state a recoverable claim; (2) limitations of two and four years; (3) laches; (4) that it did not make, acquiesce in, or ratify, the representations which plaintiffs make the basis of their suit; and that when it issued the assumption certificate and collected the premiums thereafter, it did not know, had not heard, and was not put upon notice, that they were claiming they had been made; (5) that plaintiffs, by their payment of the premiums for the entire term of the policy, having imposed upon defendant full liability therein for the full term, are in effect endeavoring to have their cake and eat it too, to have both their insurance and their premiums, and they are estopped in equity and good conscience to do so.

The district judge, before whom the case was tried without a jury, made findings of fact [2] and conclusions of law,[3] and gave judgment for defendant.

proval of the Board of Insurance Commissioners of the State of Texas and the District Judge of the 98th District Court of Travis County, Texas.

2. The substance of these was:

That the representations respecting the policy were made by the soliciting agent, D. T. Grammar, as claimed, and that the Holland brothers had no insurable interest in their uncle's life;

That Grammar had no authority from the Planet Company to represent to the Holland brothers they could collect the insurance policy, and that said company did not know of the representations having been made;

That there is no evidence that The Planet Insurance Co. at the time it issued said policy or at any subsequent time had knowledge of the fact that the Holland brothers had no insurable interest in the life of Tom Holland;

That in cause No. 56874 in the 98th Dist. Court of Travis County, Texas, styled The State of Texas v. Planet Insurance Co., a receiver was appointed for said Planet Insurance Co.; that said receiver for the Planet Insurance Co., with the approval of the Chairman of the Board of Insurance Commissioners of the State of Texas and the court, entered into a re-insurance agreement whereby said policy No. 3950, along with other policies issued by The Planet Insurance

Co., were reinsured and assumed by the defendant, subject to the terms and conditions of the policy and the reinsurance above mentioned, and insofar as said policy No. 3950 is concerned the defendant issued its Assumption Certificate No. 22607;

That from the date of the issuance of said policy by Planet until the assumption of said policy by the defendant, the Holland brothers timely paid to Planet all premiums due under said policy, and subsequent to the assumption of said policy by the defendant Holland brothers timely paid to the defendant all premiums due on said policy through April 10, 1951.

That at no time prior to June 25, 1951. when it received a letter from plaintiffs' attorney, did the defendant know of the alleged fraudulent representations made by Grammar, above mentioned;

That Mrs. Texie Pearl Holland (Mrs. M. A. Gammill) was her sons' duly authorized agent to deal with the appellee with respect to the Tom Holland policy, and, as such and on their behalf, she received knowledge more than four years prior to the filing of the suit that her sons were without insurable interest and notwithstanding this continued to pay the premiums until the end of the term.

3. These are:

"In view of the foregoing findings, I have concluded that there is no action-

Plaintiffs, appealing, are here insisting that the judgment was erroneous and must be reversed.

■ We cannot at all agree. If plaintiffs ever had, against defendant, a right of rescission and recovery back of premiums paid, and we do not think they did have, it is clear that the suit was barred by limitation, not only for the reasons given by the district judge, that they actually knew more than four years before they brought the suit that they had no insurable interest and, knowing, continued to pay the premiums, but because long before that time they could and should have known that this was so.

■ The representation complained of was not one of fact but of law, and, while such a representation may under appropriate circumstances be the basis of a claim for fraud,[4] the fraud was not in the concealment of the cause of action, and the statute of limitations commenced to run against the suit to rescind and recover the premiums paid from the time the plaintiffs by reasonable diligence ought to have discovered that the law had been misstated to them.[5]

■ In addition, it is the settled law of Texas that the absence in the beneficiaries of an insurable interest did not avoid the policy in this case or prevent the beneficiaries from recovering on it as trustees for the insured or his estate if, instead of expiring according to its terms, the policy had matured into a claim.[6]

Unlike in the cases cited by appellant,[7] which, though Texas cases, dealt with contracts made in Mexico which were void *ab initio*, and as to which no risk was assumed by the insurer, the policy contract in this suit was not void but fully enforceable against the insurer. The theory and justification therefore for allowing a recovery of premiums paid, on which those decisions were based, that if a policy is void its issuance exposes the company to no risk, and no consideration having been given for the premiums paid, they should be returned,[8] does not apply here.

The true situation of the insurer in this case was very well stated in the letter[9]

---

able fraud that would form the basis of any recovery by the plaintiffs from the defendant herein. I have further concluded that even though plaintiffs might have had a cause of action against the defendant based on the fraudulent representations alleged in plaintiffs' complaint, the plaintiffs (the Holland brothers) became aware of said alleged fraudulent representations within two or three days subsequent to May 23, 1947, and since this suit was not instituted until July 2, 1951, plaintiffs' cause of action is barred by the four year statute of limitation of the State of Texas, namely, Article 5529, Vernon's Ann.Civ.St.

In view of the foregoing findings and conclusions I do not deem it necessary to consider any of the other questions presented in this case."

4. Safety Cas. Co. v. McGee, 133 Tex. 233, 127 S.W.2d 176, 121 A.L.R. 1263.

5. Natl. Life & Acc. Ins. Co. v. Smith, Tex.Civ.App., 20 S.W.2d 142; Munson v. Hallowell, 26 Tex. 475; Cobb v. First. Nat. Bank, 91 Tex. 226, 42 S.W. 770; Conrads v. Kasch, Tex.Civ.App., 26 S. W.2d 732; Sublett v. World Ins. Co., Tex.Civ.App., 224 S.W.2d 288.

6. The Texas rule of insurable interest in life insurance: 9 Tex.Law Review, 333; Wilke v. Finn, Tex.Com.App., 39 S.W.2d 836, 839; 24 T.J., "Insurance", Sec. 72, pp. 770, 771; Mutual Life Ins. Co. of N. Y. v. Blodgett, Tex.Civ.App., 27 S.W. 286.

7. American National Ins. Co. v. Smith, Tex.Civ.App., 13 S.W.2d 720; Nat'l Life & Accident Ins. Co. v. Smith, Tex.Civ. App., 20 S.W.2d 143.

8. 44 C.J.S., Insurance, § 407, p. 1392.

9. "Our attorney advises us that the following individuals are assumed to have an insurable interest in the life of another; husband, wife, father, mother, child, brother, or sister. Any more distant relative must be proved to have a pecuniary interest.

On the other hand it is not the policy of this company to determine the insurable interest after a policy has been issued until the insured dies. If no insurable interest exists the company is still liable for the payment of the proceeds to the personal representative of the insured. Since we are liable for payment of the proceeds, we should not be in a

written by defendant to Mrs. Gammill in reply to her inquiry in May, 1947, whether, if her sons had no insurable interest, the company would refund the premiums.

■ Further, it is the settled law in Texas that persons without insurable interests, who in good faith pay premiums, would be entitled to a claim against the proceeds of the policy for their repayment.[10]

■ The law standing thus, it would be inequitable under the facts of this case to permit the plaintiffs to wait until the policy had expired and the company had carried the risk for its full term and then recover back premiums which, with interest, would be in excess of the face amount of the policy. Particularly is this so since, after receiving notice in 1947 of their lack of insurable interest, they continued to pay the premiums.[11]

■ Finally, all these considerations aside, whatever might be said as to the liability of Planet, the record wholly fails to show any basis for a claim against Pyramid. Indeed it establishes beyond question that what Pyramid assumed was not a general obligation to make good Planet's promises and defaults but a specific obligation to carry out in accordance therewith the specific terms and conditions of the policy assumed.

The same undisputed evidence shows: that Pyramid was in no way at fault in the original issuance of the policy; that nothing in its assumption agreement or in the insurance file put it upon notice of the claimed fraud of Planet or imposed any liability upon it to answer therefor. First States Life Co. v. Stroud, Tex.Civ.App., 120 S.W.2d 491, relied on by appellants for the contrary view, is an entirely different

position to refund premiums paid which have been earned in the past.

It would be our suggestion that you consult your Attorney with the view to determining some manner in which your sons might provide a change of beneficiary which would accomplish the benefits they desire."

■

case. There the suit was not, as here, against the reinsurer for rescission of the contract and recovery of premiums paid on account of a claimed fraud of the original insurer in connection with the issuance of the policy. The suit, on the contrary, was brought by the reinsurer against the assured for fraud in obtaining the policy.

Had Pyramid, during the life of the policy, undertaken to cancel it for fraud in the application, it could undoubtedly have done so, since, in assuming and reinsuring "the liability of the Planet Life under its policy and contracts of insurance * * *", it did so, "subject to any and all defenses against claims and actions upon said policies which would have been available to said Planet Life".

It is quite another thing, however, to hold, as appellants ask us to do, that Pyramid, which is liable under and because of its assumption agreement only upon policies issued by Planet and in force when assumed, can, after the policy has expired according to its terms, be held liable in a suit, not for the enforcement of the policy according to its terms, but in a suit for the rescission of the policy and the recovery back of all premiums paid.

There was neither legal nor equitable basis for plaintiffs' suit. The judgment was right. It is affirmed.

RIVES, Circuit Judge (specially concurring).

I concur in the result and in all of the opinion except that part which draws a distinction between the liability of Planet and that of Pyramid. I do not think that we reach the question of whether Pyramid became burdened with the liabilities of the original insurer for fraud or for the return of premiums.

10. Knights & Ladies of Honor v. Burke, 4 Willson Civ.Cas.Ct.App. 165, 15 S.W. 45; Schonfield v. Turner, 75 Tex. 324, 12 S.W. 626, 7 L.R.A. 189.

11. National Life & Accident Ins. Co. v. Smith, Tex.Civ.App., 20 S.W.2d 142.