**D. L. LEETE et al., Appellants,**

v.

**ALLSTATE INSURANCE COMPANY,**
Appellee.

No. 6575.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 27, 1956.

Rehearing Denied March 26, 1956.

Robert E. Underwood, Jr., Amarillo, for appellants.

Sanders, Scott, Saunders & Smith, Amarillo, for appellee.

PITTS, Chief Justice.

From a summary judgment in behalf of appellee, Allstate Insurance Company, voiding an automobile insurance policy previously issued by it to appellant, D. L. Leete, an appeal has been perfected. On July 22, 1953, appellant, D. L. Leete, was involved in a motor vehicle collision on a public highway which resulted in alleged damages in the sum of $1546.70, according to the measure of damages provided for in a $100 deductible collision insurance policy, No. W589883, issued to Leete by appellee on February 20, 1953, with appellant, Pacific Finance Loans, a corporation, named as mortgagee on Leete's automobile there involved. By reason of the issuance of such policy followed by the collision, appellant D. L. Leete, filed suit for his damages against appellee upon the policy contract. Appellee denied liability on September 23, 1953, and tendered the unearned premium back to Leete, who refused it. Appellant Pacific Finance Loans, a corporation, intervened in the primary suit as mortgagee with a loss payable clause and the terms of the policy so reveal.

Liability was denied by appellee upon the grounds that, contrary to the provisions of the policy contract, there had been

two cancellations of automobile insurance policies upon an automobile owned by appellant Leete during the two-year period immediately prior to the date appellee issued the policy here involved to Leete, who admitted such to be true under oath in his deposition subsequently taken and filed for record in this case. Appellee contends that such entitled it as a matter of law to avoid liability since it issued the policy to Leete upon his representation and warranty as shown in the terms of the policy Leete relies upon to the effect that he had not had such character of policy cancelled within such period of time. Appellee further sought a judgment to the effect that appellants take nothing by their suit but that the policy sued upon be cancelled and that it be relieved of all obligations in connection therewith.

After taking the deposition of D. L. Leete on April 1, 1954, concerning the material matters pleaded, and having identified and attached thereto the policy and other material exhibits, appellee moved for a summary judgment in a verified pleading sworn to by counsel, alleging its material grounds therefor and contending that the pleadings, admissions made, Leete's deposition with exhibits attached thereto, all on file, conclusively reveal that there is no genuine issue of fact to be determined for which reasons appellee was entitled to a summary judgment. Appellant, D. L. Leete, answered without denying, specially or generally, appellee's allegations. However, in his petition sworn to by his counsel he made allegations some of which are inconsistent with appellee's allegations. He alleged that there are genuine issues to be determined and that D. L. Leete informed Mr. Keeter, appellee's agent, that he had insurance cancelled by two other companies prior to making application to appellee for the policy here involved but that Keeter put down the wrong answers on the application. Wherefore Leete prays that appellee's motion for a summary judgment be denied.

A material part of the terms of the policy are stated in the following language:

"Allstate
Insurance Company
A Stock Insurance Company Hereinafter Called The Company
Home Office Chicago

"Agrees with the insured, named in the declarations attached hereto and made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy: * * *.

"Declarations:

"During the past two years, with respect to the named insured or to any member of his household, no insurer has cancelled or refused any automobile insurance nor has any license or permit to drive an automobile been suspended, revoked or refused * * *.

"By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations, and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

Some of the provisions of the policy contract herein shown were to the effect that a part of the consideration from D. L. Leete, in reliance upon which appellee had issued the policy, was Leete's statement or representation that: "During the past two years, with respect to the named insured * * * no insurer has cancelled or refused any automobile insurance * * *."

For further determination of the matters presented we resort to the record in full but particularly to the terms of the policy and the testimony given by appellant, D. L. Leete, in his deposition of date April 1, 1954, and to the contents of the exhibits attached thereto and made a part thereof. D. L. Leete testified in effect that he was plaintiff in the primary suit filed by him against appellee, who denied liabil-

ity under the terms of the automobile insurance policy issued to him by appellee on or about February 20, 1953; that he did not before know Mr. Keeter, who on February 19, 1953, filled out his application for the insurance policy issued the next day by appellee; that such application was filled out in a local place of business by Keeter who stood on one side of a store counter while Leete stood in front of him on the opposite side of the counter watching Keeter fill out the application and giving Keeter the desired information for the application; that a negative answer appears in the application to the question inquiring if applicant or any of his household had previously had any automobile insurance cancelled or refused; that, without either of them being disturbed during the period of time it took, he observed Keeter as he put down the answers to the questions then being asked and he then knew what the contents were but he did not, at the time he gave his testimony by deposition, remember being asked about whether or not he previously ever had any automobile insurance cancelled or refused; that had he been asked such a question, he would necessarily have been compelled to have answered that on two previous occasions he had had automobile insurance policies cancelled, one being Marathon Insurance Company cancelled on or about November 23, 1951, after it had paid three losses for him, and the other cancelled thereafter by Gulf Insurance Company, only a few days before he applied to appellee for the policy here involved, but after the Gulf Insurance Company had also paid three losses for him; that he signed the application for the policy here involved without reading it other than observing it as it was being filled out and that he thereafter accepted the policy from appellee without reading all of it but he did read enough of the policy to see that he was covered and that the interest of Pacific Finance Loans, the mortgagee, had been protected; that he put the policy away where he kept other important papers and kept it; that he had received a check from appellee for a return of un-

earned premiums in the sum of $41.25 but declined to accept it and had the check returned to appellee; that as a result of the collision on July 22, 1953, out of which the primary suit he filed arose, he was that day by reason of a deferred judgment paying a fine and his driver's license was being suspended for a period of six months from that very day. Nowhere do we find that D. L. Leete states that he told Mr. Keeter, appellee's agent, who filled out his application, that he had any previous automobile policies cancelled before he applied for insurance with appellee. At the very most he only says he does not remember being asked such a question but he would have necessarily had to give an affirmative answer to such question if it had been asked. Nowhere did he say the question was not asked but said he did not remember; nowhere does the record reflect that D. L. Leete informed appellee or any of its agents that he had prior insurance cancellations until he so testified in his deposition to that effect. The testimony of D. L. Leete also reveals that appellee notified him by letter of date August 19, 1953, of its investigations being made concerning Leete's declarations shown in the policy to the effect that Leete had not had any prior cancellations of insurance and that thereafter on September 23, 1953, appellee advised him by letter duly received that it was declaring the policy void upon the grounds of misstatements having been made, which are inconsistent with the declarations shown as a part of the policy.

But be that as it may, only declarations showing that Leete had not had any previous cancellations were made a part of the insurance policy contract, by the terms of which the rights of the parties must be determined, according to the pronouncements of the law made in such cases by the court in the case of Harris v. Allstate Insurance Co., Tex.Civ.App., 249 S.W.2d 669, 672 (writ refused). The court there had before it a very similar factual situation to the one before us and it there held that the application or a copy of the questions asked and the answers given therein not

having been made a part of the policy contract, such formed no part of the insurance policy, for which reason such were not in fact admissible in evidence but the admission of such in evidence constituted no more than a harmless error. Based upon similar facts and circumstances to those here presented, the court there said in effect that the only material issue to be determined was whether or not there had been a previous cancellation of an automobile policy upon the applicant within two years of the date of issuance of the policy involved and that the undisputed evidence showed there had been such in that case just as the evidence conclusively reveals there has been such in the case at bar. In that case, the court said in part:

"As we view this case the rights of the parties must be settled by the terms and conditions of the insurance policy unaided by the unattached application therefor. The insurance policy contains, among other things, the following provisions, under the heading of Declaration: '14. During the past two years, no insurer has cancelled any automobile insurance, issued, or refused any automobile insurance, to the named insurer (Roy T. Harris, Jr.,) or to any of his household.' Under the heading Conditions Applicable To All Coverages in the policy is the following provision: '23. By acceptance of this policy the named insured (Roy T. Harris, Jr.) agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of said representations, and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.' The jury found upon undisputed testimony in answer to special issue No. 4 that 'State Farm Mutual Automobile Insurance Company did on or about November 21, 1948, cancel a policy of automobile insurance that had been issued to Roy T. Harris, Jr., covering liability, property damage, comprehensive, collision and medical payments.'

This was admittedly less than two years before the issuance of the policy sued on herein. This was plainly a misrepresentation, and, in our opinion, a very material one, and by accepting the insurance policy, Roy T. Harris, Jr., now deceased, agreed that the statements in the declaration above quoted were his agreements and representations, and that 'this policy is issued in reliance upon the truth of said representations, and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.' Since the insurance policy contains the entire agreement of the parties their rights must be measured by it, and if the insurer's statement with respect to a prior cancellation of an automobile insurance policy, within two years of the issuance of the policy herein, taken in connection with Section 23 quoted above, it is clear that the right of appellee, the insurance carrier, to forfeit the policy on account of the false representation is complete. * *

"In the case of Hatch v. Turner, 145 Tex. 17, 193 S.W.2d 668, 669, it is said: 'Undoubtedly the parties to an insurance contract may make it in any legal form they desire and, in the absence of statutory prohibitions, insurers may limit their liability and impose whatever conditions they please upon their obligations not inconsistent with public policy.' In 29 Am.Jur., p. 475, § 586, it is said: 'A statement by an applicant for insurance as to prior applications or rejections is material as a matter of law, and if false, avoids the policy regardless of the good faith of the applicant and regardless of whether the statement constitutes actual fraud. A fortiori, where such statement is agreed by the parties to be material, or where its truthfulness is warranted or made a condition of the validity of the policy, a false statement that the insured has not applied or been rejected for other insurance avoids the policy, even in the absence of knowledge on

the part of the applicant that he has been rejected.' Cited by the text as supporting the above is State Mutual Life Ins. Co. v. Rosenberry, Tex.Com. App., 213 S.W. 242."

Although that case was one tried on the merits, the record reveals that the only material issue was conclusively established and in our opinion such would have supported a summary judgment if it had been sought. The material facts and circumstances there revealed are very similar in every respect to those represented here, including verbatim the declarations and conditions expressed in the insurance policy there shown in quotations. That being a well written opinion in a recent case approved by the Texas Supreme Court, which opinion presents with approval rules of law which we believe to be controlling in the matters here presented and which cites numerous authorities in support thereof, we feel justified in following the rules there announced and applying them to the similar situation presented here. The policy contract here involved apparently contains the same provisions as the policy contract involved in that case. It is here admitted under oath by D. L. Leete that he accepted the policy in question and has based his right of recovery upon it and that he had two automobile insurance policies cancelled on him by other companies within two years prior to the issuance of the policy to him by appellee on February 20, 1953, but that the contrary is shown as reflected by the declarations which are made a part of the policy contract. Under Leete's admissions made under oath and under the terms of the policy contract it became void at the election of appellee, according to the authorities previously herein cited.

We rely also upon a more recent case of Farris v. Allstate Ins. Co., Tex.Civ.App., 265 S.W.2d 178, 179, which is an appeal from a summary judgment with a similar factual situation there presented to that now before us, and other authorities are there cited in support of the disposition of the matters there presented. The court there said in part:

"It is the inherent and inalienable right of every man freely to deal or refuse to deal with his fellow men. Competent persons ordinarily have the utmost liberty of contracting, and their agreements voluntarily and fairly made will be held valid and enforced in the courts. Parties may incorporate in their agreements any provisions that are not illegal or violative of public policy. 12. Am.Jur., p. 641, sec. 149. Insurance companies may insert in their policies as many provisions restricting their liability as they may deem proper, if such provisions are not unreasonable or contrary to public policy. Blashfield's Cyc. of Automobile Law and Practice, sec. 3475.5. * * *

"In view of the manner in which the contract of insurance was issued, received and finally made in this instance, it was a unilateral contract, the terms and provisions of which were set forth for the first time in detail by the language of the policy itself. It became a final contract between the parties upon the delivery by the Insurance Company and the unqualified acceptance by Farris. Blashfield's Cyc. of Automobile Law and Practice, sec. 3471. A person who accepts an instrument purporting to be a contract thereby assents to its terms, though he does not in fact know what they are, and will not be permitted to say that he did not intend to agree to them. 10 Tex.Jur., p. 101, sec. 58; 24 Tex.Jur., p. 689, sec. 20. * * *

" * * * Since the written terms and provisions of the policy recited that it was issued upon the statement and representation of Farris that no automobile insurance had been canceled with respect to him within a two year period, Farris must be held to have expressly contracted in this regard, and the recitation had the effect of an affirmative warranty by Farris. Blashfield's Cyc. of Automobile Law and Practice, sec. 3561; 24 Tex.Jur., p. 899, sec. 164, and p. 928, sec. 181. * * *

"Whether the facts affirmatively warranted in such an instance are true or not or whether the warranting party actually made them or not, since the policy was issued in reliance thereon, and since it was delivered to the warranting party as the insured party thereunder, and since he had the capacity and opportunity to read and determine the provisions thereof, and since there did not exist any rare or special circumstance which excused his failure to so read and determine such provisions, but instead retained the policy, then as a matter of law he must be held to have adopted such provision as his own and to have accepted the contract subject to the opportunity thereby afforded to the Insurance Company to avoid liability thereunder should it discover the fact that the Resolute Fire Insurance Company had canceled his previous policy of automobile insurance within the two year period immediately prior to the period covered by the later policy. Texas State Mutual Fire Insurance Co. v. Richbourg, Tex.Com. App., 1924, 257 S.W. 1089, and cases therein cited; Lindley v. Franklin Fire Insurance Co., 1941, 137 Tex. 196, 152 S.W.2d 1109; Sublett v. World Insurance Co., Tex.Civ.App.Dallas 1949, 224 S.W.2d 288; Taylor v. American Liability Co., 6 Cir., 1931, 48 F.2d 592, certiorari denied 284 U.S. 659, 52 S. Ct. 28, 76 L.Ed. 559."

Appellants contend that the court erred because there were material issues of fact to be determined which contention for the reasons stated we overrule. Appellants further contend that appellee was charged with the burden of showing there were no material issues of fact to be determined and that appellee is bound by the terms of the policy contract. In our opinion, appellee was charged with the burden of showing no material issues existed and that it has discharged its burden. In our opinion the rights of the parties are determined by the terms of the policy contract and that

according to its terms appellee had a right to declare the same void upon discovery of misrepresentations of its warranties. Appellants likewise contend that appellee is estopped from asserting any irregularities in the policy application and has waived any irregularities found in the policy application. According to the record, estoppel and waiver have not been pleaded and in any event appellee is not relying upon the terms of the policy application for its summary judgment but it relies wholly upon the terms of the policy contract of which the application was not a part but the policy includes declarations approved by appellant Leete, as a matter of law, when he accepted the policy and some of the declarations therein contained were thereafter found to be untrue. Neither are appellants relying upon the policy application for recovery, or at least they sued on the insurance policy contract and not the policy application. It has also been held that: " 'In order that an insurer may be held to have waived, or be estopped to assert a right of forfeiture, it must have had knowledge of the facts.' " Harris v. Allstate Insurance Co., supra [249 S.W.2d 672]. There is no proof that appellee or its agents had any knowledge that Leete had any previous automobile insurance cancelled until on or about September 23, 1953. Leete admits that appellee advised him by letter of date August 19, 1953, that they were investigating the matter and that he received another letter of date September 23, 1953, advising him of their intentions to declare the policy void. Since appellee or its agents had no knowledge of the actual facts they could not have waived and can not be estopped from asserting appellee's claimed rights.

For the reasons stated it is our conclusion that the trial court properly sustained appellee's motion for a summary judgment and properly rendered its judgment accordingly. Appellants' points to the contrary are all overruled and the judgment of the trial court is affirmed.