## TRINITY UNIVERSAL INS. CO. v. WINTER et al.

### No. 2921.

Court of Civil Appeals of Texas. El Paso. Jan. 4, 1934.

Rehearing Denied Feb. 1, 1934.

Davidson, Randall & Gray, of Dallas, for appellant.

Sol Goodell and Thompson, Knight, Baker & Harris, all of Dallas, for appellees.

WALTHALL, Justice.

This suit was brought by L. C. Winter and W. F. Rose, the latter doing business as Rose Investment Company, against Universal Casualty Company, Universal Automobile Insurance Company, and Trinity Universal Insurance Company, to recover $240 and interest upon an insurance policy covering a certain automobile, issued by the Universal Casualty Company; subsequently the liability by reason of the insurance policy was assumed by the Trinity Universal Insurance Company.

W. F. Rose, in writing the motor number in the application for the insurance, erroneously gave the motor number of the automobile insured against theft as 2532937, instead of 2332937. The insurance policy issued by the defendant insurance company contained the description furnished to it by W. F. Rose.

The automobile was reported to have been stolen, and a claim for payment was made upon the defendant insurance company issuing the policy and payment refused. The controlling facts with reference to the loss in this case are not in dispute. They are substantially as follows:

The undisputed evidence showed that on or about December 1, 1930, E. R. Hill bought for $250 in cash from J. A. Waters a 1929 model, four-door sedan, used Ford automobile, blue-black in color, and took from the vendor a bill of sale; that on December 4, 1930, Mr. Hill sold his automobile to the plaintiff L. C. Winter, who executed to him in part payment of the purchase price a promissory note and chattel mortgage in the amount of $305; that on the same date Mr. Hill sold and transferred the said note and chattel mortgage to the plaintiff W. F. Rose, doing business as Rose Investment Company, for a consideration of $250 cash; that the plaintiff L. C. Winter left the matter of obtaining insurance up to the owner of his note; that during the month of December, 1930, the plaintiff W. F. Rose was an agent of the defendant Universal Casualty Company, with authority to cover risks; that H. C. McClure, an employee of Rose Investment Company, on behalf of the plaintiff, and also on behalf of the defendant Universal Casualty Company, made application on its blank form to its home office for an insurance policy on this automobile, and, taking the number of the motor from the note and chattel mortgage, he declared in such application that the motor number was 2532937; he otherwise described the car as being a four-door sedan, 1929 model, used Ford automobile purchased by the assured, L. C. Winter, on December 4, 1930; that his employer, Rose Investment Company, had no instructions from its principal, Universal Casualty Company, to make a personal examination of the motor number borne by automobiles insured by such agency; the defendant Universal Casualty Company issued its policy describing this automobile as it was described in the application, and insuring it for L. C. Winter in the amount of

$240 against the hazards of fire, theft, and other casualties, with a clause declaring that the loss should be payable to the Rose Investment Company as its interest might appear, and the premium for such policy was paid; the plaintiff L. C. Winter at no time owned a Ford automobile other than the one purchased from Mr. Hill, and the plaintiff W. F. Rose owned no note upon any automobile bearing motor No. 2532937, unless this automobile bore that motor number; in insuring this automobile and in preparing the application for the policy, H. C. McClure (agent for both plaintiff and defendant) intended to insure the automobile purchased from Mr. Hill by Mr. Winter on December 4, 1930, the chattel mortgage note upon which was on the same date purchased by Rose Investment Company; on December 29, 1930, while the insurance was in effect, and this automobile was worth at least $250, it was stolen by unknown persons and was not thereafter heard of; immediate notice of the theft was given to the police and sheriff's departments and to the defendant, Universal Casualty Company; sufficient proof of loss was duly and timely furnished; the plaintiff L. C. Winter still owes $305 and interest on the note and chattel mortgage covering the automobile, which note and mortgage are owned by the plaintiff W. F. Rose.

The defendants, insurance companies, defended against liability on the following grounds: That the motor number on a Ford car is a necessary part of its description; that the car which it insured as having motor No. 2532937 had not been stolen, but at the time of said loss, and long prior thereto, was owned by Val L. Baumgard of Atlantic City, N. J.; that the motor number was given to it as being 2532937, whereas the actual motor number alleged to have been on said automobile was 2332937, which was a material misrepresentation of a material fact; that, had the Universal Casualty Company known that the motor number furnished to it was incorrect, it would not have insured said automobile and would not have issued plaintiffs the insurance policy upon which this suit is based; that W. F. Rose, doing business as Rose Investment Company, was an agent of the Universal Casualty Company at the time he applied for the insurance policy involved in this controversy, and received a commission on the premium paid for said policy, and that he is therefore estopped to claim that the mistake made by him was binding upon the defendant; the plaintiff L. C. Winter authorized Rose Investment Company to take out insurance on said automobile in any company to be designated by said W. F. Rose, and obligated himself to pay the premiums for any such insurance that W. F. Rose should obtain, and, by reason thereof, L. C. Winter is bound by the act of W. F. Rose; that the act of W. F. Rose and L. C. Winter in furnishing the Universal Casualty Company false information concerning the description of said automobile prevented the Universal Casualty Company from recovering said car from the thief or thieves who stole the same; that it is necessary for the company to have the correct motor number of any automobile which it insures, for the reason that a large proportion of the automobiles which are stolen are recovered by the company and returned to the true owners, thus relieving the company from any liability under its policy, and that the Universal Casualty Company would have been able to have found and recovered said automobile had it been furnished the true and correct number of said car; that the car purported to have been owned by L. C. Winter, and alleged to have been insured with the Universal Casualty Company, was a stolen car, and thus neither L. C. Winter nor W. F. Rose had any insurable interest therein; that the car having motor No. 2332937 was not stolen, and therefore no claim as against the Universal Casualty Company can rightfully be asserted.

The case was tried to the court without a jury. The trial court made no findings of fact. Judgment was entered for W. F. Rose against each of defendant companies for the amount of said policy and interest from April 1, 1931. Winter was denied recovery.

Trinity Universal Insurance Company alone prosecutes this appeal.

### Opinion.

The insurance policy involved in this controversy provides:

"Universal Casualty Company, Dallas, Texas.

#### (Hereinafter called the Company)

"In consideration of the premiums charged for this policy, and the statements set forth in the 'Schedule of Statements' and of all the terms, provisions and agreements set forth on the following pages of this policy, all of which are hereby referred to and which the Assured warrants to be true by the acceptance of this policy, does hereby agree, to insure the Assured named and described herein, for the term herein specified, against loss from such of the perils, and from only such of the perils as are described and limited in the 'Schedule of Perils' appearing on the following pages and for which a specific premi-

um charge is made as evidenced by inserting such a premium charge in writing opposite the corresponding peril in the following 'Schedule of Coverage,' and then only to an amount not exceeding the limit shown therein, to-wit:

### Schedule of Statements

"All statements and facts as set forth below are accurate and correct, and this policy is issued by the Company relying upon the truth thereof.

### Statement 6.

| Year Model | Trade Name | Type of Body (Give Truck Tonnage) | Serial No. and Motor No. | No. of Cyls. and Model | Factory List Price | Etc. | Etc. |
|---|---|---|---|---|---|---|---|
| 1929 | Ford | Four door Sedan | 2532937 | ...... | ...... | ...... | ...... |

"Section 'F' under 'Conditions, Limitations and Agreements,' provided that

"This entire policy shall be void if the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof."

Appellant submits that the motor number, 2532937, as given by appellee Rose, and as written in the policy descriptive of the automobile insured, is a warranty in the law of insurance, and that a false warranty, though innocently made concerning the motor number of the automobile covered by a theft insurance policy, is material to the risk as a matter of law, and voids such policy where the insurance company, had it known the truth, would have declined the insurance altogether, or would have accepted it only at a higher premium.

Appellees pleaded that "through mistake the motor number was asserted in the said application (for the policy) to be 2532937 instead of 2332937." Without quoting from the record, the evidence shows that in issuing the policy the insurance company was not furnished with the proper motor number appearing on the automobile. Also the undisputed evidence was to the effect that the appellant company issuing the policy would not have issued said policy had it known the motor number given was not the motor number of the automobile.

There is undisputed evidence in the record as to whether the representation as to the motor number on the automobile was material to the risk. It is to the effect that the motor number is the most descriptive part of an automobile relied on to locate or recover the automobile. Other parts may be and usually are changed; it is possible to change

a motor number but also impossible to change the number to where you cannot tell it had been changed. In attempting to recover stolen cars, you are guided by the motor number. The motor number is the only way to distinguish one 1929 Ford sedan from another 1929 Ford sedan. No two Ford cars have the same motor numbers.

As to what constitutes a warranty in the law of insurance, generally speaking, warranties are statements, stipulations, or conditions which form a part of the contract, whereby the insured contracts as to the existence of certain facts, circumstances, or conditions, the literal truth as to which is essential to the validity of the contract. 24 Tex. Jur. p. 928.

In Missouri State Life Insurance Co. v. Dossett (Tex. Civ. App.) 265 S. W. 254, 257, it is said: "A misrepresentation to obtain insurance is a statement made by the assured of something as a fact which is untrue, and which had a tendency to mislead the company. 3 Joyce on Insurance, par. 1884. A fact is material to the insurance risk, which would induce the insurance company to decline the insurance altogether, or not to accept it, unless at a higher premium," and referring to cases as so holding, and to which we refer without stating them here.

A case in point is Automobile Owners' Insurance Ass'n v. Hennessy (Tex. Civ. App.) 299 S. W. 281, 282, by the Texarkana court, writ of error refused. Hennessy brought this suit on a theft policy. The car was stolen. The application stated that the car was a 1921 model when in fact it was a 1919 model. The court said: "The policy expressly provided that misrepresentation of statements in the application should render the contract void."

The opinion recites that the model was 1919 and not 1921. The opinion states the cause of the mistake in stating the model of the car, and says: "The good faith of appellee (Hennessy), as shown, in making the representation of fact was an insufficient reply to the defense. The fact represented must be shown to be true. In view of the fact that the car was a 1919 model, which was established without contradiction, the appellee

would be denied a recovery. Texas State Fire Ins. Co. v. Richbourg (Tex. Com. App.) 257 S. W. 1089."

Both Winter and Rose testified that the company was furnished with a wrong number, and said that the error was due to the misreading of the motor number as it appeared on the chattel mortgage installment note. In North River Ins. Co. v. Atkinson, 137 Va. 313, 119 S. E. 46, 47, the Supreme Court of Appeals of Virginia, in construing a theft policy where the factory number was misstated in the policy and given for the motor number, said: "The evidence further shows without contradiction, that in tracing stolen cars it is very material to have the right number, whether factory or motor number, and that without it the car cannot be identified, and that to give the factory number for the motor number is not sufficient for purposes of identification."

To the same effect is the case of Felakos v. Aetna Ins. Co., 119 A. 277, by the Supreme Court of New Jersey, in a theft policy, in which it is held that a warranty by the assured that the car was of a certain year model, when in fact it was an older model, is one material to the risk and voids the policy.

Appellee refers us to article 5043 of our Statutes, and submits that whether a matter or thing misrepresented was material to the risk was a question of fact to be determined by the trial court trying the case without a jury, and that, since the trial court rendered judgment for plaintiffs on the policy, it must be presumed by this court that this issue was resolved in favor of plaintiffs. Such would be the rule where the evidence on the issues of misrepresentation and its materiality was controverted, but, where the evidence on the issues is uncontroverted, as here, it becomes a question of law and not of fact. There is no question but that the motor number on the car was misrepresented, a wrong number given, and the evidence is clear and undisputed that the motor number is essential to the identity of the stolen car; the evidence is that no two Ford cars have the same motor number; the body of the car, four-door sedan, color, etc., could easily be changed, but the motor number remains the same, and, under the uncontroverted evidence, is the only description or mark of identity by which the insurance company could trace and recover the car and return it to the assured. The description of the car other than by its motor number, as in the mortgage note, might be a sufficient description for the purpose for which it was then given; that question is not before us, but as to that we have no statute. Our statute applies only to an insurance policy. Under the uncontroverted evidence the policy could not be reformed; the mistake in giving the motor number not being a mutual mistake. St. Paul F. & M. Ins. Co. v. Culwell et al. (Tex. Com. App.) 62 S.W.(2d) 100, 101. Had the court reformed the policy so as to write therein the true motor number, such action of the court would be defensive and a fact to be shown by appellees.

We have concluded that the proposition should be sustained.

To us the evidence does not show a mutual mistake, nor does the evidence show a waiver of a mistake in writing in the policy the motor number of the automobile insured against theft.

If we are not in error in sustaining the proposition discussed, the propositions not discussed are immaterial, the policy being void.

For reason stated, except as to the premium tendered, which is not disturbed, the case is reversed and here rendered for appellant.