HARRIS et al. v. ALLSTATE INS. CO.
No. 6621.

Court of Civil Appeals of Texas. Texarkana.
April 10, 1952.

Rehearing Denied June 5, 1952.

As Corrected July 1, 1952.

Boyet Stevens, Daingerfield, for appellants.

Ramey, Calhoun, Marsh & Brelsford, Fred Hull, Tyler, Aubrey Robison, Daingerfield, for appellee.

REUBEN A. HALL, Chief Justice.

This is a suit brought by Jayne M. Harris for herself and as next friend of Jayne Roy Harris, her minor daughter, surviving wife and child of Roy T. Harris, Jr., deceased, and the National Bank of Daingerfield, appellants, against the Allstate Insurance Company.

Appellants' suit is for certain insurance alleged to be due them under the policy issued to Roy T. Harris on January 22, 1949, covering damages to his car. Trial resulted in judgment for appellee, based upon the jury verdict.

By point one appellants assert that the trial court erred in overruling their special exception No. 1 directed to appellee's answer wherein it pleads certain features of the application of Roy T. Harris, Jr., for insurance, for the reason that a copy of the application was not attached to the policy sued on as provided by Vernon's Ann.Civ.St. Articles 5049, 5050. And appellants' point three is directed to the action of the trial court in admitting in evidence over their objection, timely made, the application of Roy T. Harris, Jr., for the policy of insurance. These points relate to the same general subject and will be discussed together.

Appellee on the 22nd day of January, 1949, issued to Roy T. Harris, Jr., the policy of insurance sued on. The policy as first issued covered a Pontiac automobile but by proper endorsement was made to cover deceased's Lincoln automobile. The Lincoln automobile named in the

policy was badly wrecked on May 20, 1949, in which wreck Roy T. Harris, Jr., lost his life. The wreck occurred near Ore City, Texas, on State Highway No. 26. After the wreck occurred the car was moved to a garage in Ore City. Appellee was notified and shortly thereafter had it moved to a garage in Dallas. On the 21st day of May (the day after the accident and death of Harris) Mrs. Harris and her small daughter left Daingerfield, Texas, and went to the home of her parents and her deceased husband's parents near Richmond, Virginia. Roy T. Harris, Jr., was a Staff Sergeant in the United States Marines stationed at Daingerfield at the time of his death. On July 28, 1949, two months and 11 days after the wreck, appellee wrote a letter to appellant National Bank of Daingerfield, named in the policy of insurance as mortgagee with loss payable clause to it, that "We have declared such policy to be void because of our investigation which reveals that during the past two years, an insurer has cancelled automobile insurance issued to Roy T. Harris, Jr." Accompanying this letter was a check for $62.70 covering the premium paid by Harris. The record shows that a policy of automobile insurance issued to Roy T. Harris, Jr., by the State Farm Mutual Automobile Insurance Company of Bloomington, Illinois was cancelled on November 21, 1948.

 No written, photographic or printed copy of the application, nor a copy of the questions asked and answers given thereto, were attached to the policy and, therefore could form no part of the insurance policy and was not admissible in evidence. V.T.C.S., Arts. 5049, 5050; American Indemnity Co. v. Baldwin Motor Co., Tex.Civ.App., 19 S.W.2d 848; Southwestern Surety Ins. Co. v. Hico Oil Mill, Tex.Com.App., 229 S.W. 479. Notwithstanding the admission of the application in evidence and the submission of several issues in the charge based upon the application, the trial court in its judgment states: "the court having fully considered such verdict of the jury is of the opinion and finds that Special Issues Nos. 3, 6, 8 and 9 and the answers of the jury thereto are irrelevant and immaterial in that the written application inquired about in said issues was not attached to and made a part of said policy of insurance and by reason thereof the false and fraudulent statements contained in said application cannot be relied upon by the defendant to avoid such policy." The above portion of the judgment shows that the trial court disregarded the issues in the charge and the answers thereto, based upon the application for the insurance and is tantamount to striking all the evidences in reference to the application admitted over appellants' objection. This action in our opinion renders harmless the error in admitting the application in evidence. The above points are overruled.

 By point two appellants assert that appellee by removing the wrecked automobile to a garage in Dallas, waived its right to cancel and forfeit the policy sued on herein, under certain declarations and conditions in the policy. The undisputed facts show that immediately after the wreck, as heretofore pointed out, appellant bank, through its cashier, notified appellee of the wreck and the location of the wrecked automobile. Shortly thereafter appellee moved the wreckage to Dallas with the tacit consent of the bank's cashier. The reason for removing the wrecked automobile to Dallas was to be in a position to get a better price for the salvage. At the time appellee moved the wrecked automobile to Dallas it is undisputed that it did not know of its right to forfeit the insurance on account of the misrepresentation of a material fact, and as soon as appellee received information establishing the misrepresentation it directed a letter to appellant bank at Daingerfield voiding the policy and notifying the bank that after five days certain storage charges would begin to accrue against said wreckage. In the brief of appellants they concede that appellee did not waive its right to forfeit the contract of insurance by removing the wrecked automobile to Dallas. They contend that appellee waived its right to forfeit the insurance contract by leaving the wrecked automobile in the Dallas gagage "to be eaten up

by storage charges in a strange city far from the home of plaintiffs." Appellee paid all storage charges until it forfeited the policy. Certainly, and as admitted by appellants, appellee did not waive its right of forfeiture until it had knowledge of such right. As said in 24 Tex.Jur., p. 914, § 171: "In order that an insurer may be held to have waived, or be estopped to assert a right of forfeiture, it must have had knowledge of the facts." See also Cooley's Briefs on Insurance, 2d Ed., Vol. 5, p. 3955. As soon as appellee learned of its rights under the policy of insurance it forfeited the policy and immediately notified the appellant bank of its action. We do not think under such circumstances that the action of appellee in leaving the car at the Dallas garage after having notified appellants that it had declared the policy void waived its right of forfeiture.

■ There is another reason that the defense of waiver is not available to appellants. Appellants plead that appellee had waived its right to forfeit the policy and had proved the facts set out above with respect to its taking charge of the wreckage as a basis for the forfeiture. The burden rested with appellants to secure a finding by the jury upon the issue of waiver, it being the ground of recovery pleaded by |appellants. No issue was given by the court touching the question of waiver nor was an issue requested by appellants. Under Rule No. 279, T.R.C.P., this ground of recovery was waived. Federal Surety Co. v. Smith, Tex.Com.App., 41 S.W.2d 210; Butler v. Employers Casualty Co., Tex.Civ.App., 241 S.W.2d 964 (refused, n. r. e.). This point is overruled.

■■ As we view this case the rights of the parties must be settled by the terms and conditions of the insurance policy unaided by the unattached application therefor. The insurance policy contains, among other things, the following provisions, under the heading of Declaration: "14. During the past two years, no insurer has cancelled any automobile insurance, issued, or refused any automobile insurance, to the named insurer (Roy T. Harris, Jr.,) or to any of his household." Under the heading Conditions Applicable To All Coverages in the policy is the following provision: "23. By acceptance of this policy the named insured (Roy T. Harris, Jr.) agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of said representations, and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance." The jury found upon undisputed testimony in answer to special issue No. 4 that "State Farm Mutual Automobile Insurance Company did on or about November 21, 1948, cancel a policy of automobile insurance that had been issued to Roy T. Harris, Jr., covering liability, property damage, comprehensive, collision and medical payments. This was admittedly less than two years before the issuance of the policy sued on herein. This was plainly a misrepresentation, and, in our opinion, a very material one, and by accepting the insurance policy, Roy T. Harris, Jr., now deceased, agreed that the satements in the declaration above quoted were his agreements and representations, and that "this policy is issued in reliance upon the truth of said representations, and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance." Since the insurance policy contains the entire agreement of the parties their rights must be measured by it, and if the insurer's statement with respect to a prior cancellation of an automobile insurance policy, within two years of the issuance of the policy herein, taken in connection with Section 23 quoted above, it is clear that the right of appellee,

the insurance carrier, to forfeit the policy on account of the false representation is complete.

In the case of Trinity Universal Ins. Co. v. Winter, Tex.Civ.App., 67 S.W. 2d 926, 928, the motor number of the automobile insured was incorrectly given and forfeiture of the insurance policy was allowed because of said misrepresentation. The representation was held to be a warranty. The court in that case defined a warranty: " * * * Generally speaking warranties, are statements, stipulations, or conditions which form a part of the contract, whereby the insured contracts as to the existence of certain facts, circumstances, or conditions, the literal truth as to which is essential to the validity of the contract," citing 24 Tex.Jur., p. 928. We think it clear that appellee has a right to defend against appellants' cause of action based upon the conditions of the policy alone, as definitely held in the case of Washington Fidelity National Ins. Co. v. Burton, 287 U.S. 97, 53 S.Ct. 26, 27, 77 L.Ed. 196. In the case last cited the court said: "Here the policy definitely declares that it constitutes the entire agreement between the parties. The defense interposed is based solely on one of its provisions, and has no relation to the application. The section does not require written applications to be made or declared that, where one is made but not delivered with the policy, there shall be no defense based on the provisions of the policy itself. And no reason is suggested in support of a construction of the section that would prevent defense based on a provision of the policy, even though a similar or the same provision were contained in an application. As this policy expressed the entire agreement, defendant, notwithstanding its failure to deliver a copy of the application, was entitled to interpose such defenses as would have been open to it if no application had been made. (Citing authorities). It follows that section 657 furnishes no support for the refusal of the trial court to permit defendant to show that the insured

was not in sound health when the policy was issued." In the case of Hatch v. Turner, 145 Tex. 17, 193 S.W.2d 668, 669, it is said: "Undoubtedly the parties to an insurance contract may make it in any legal form they desire and, in the absence of statutory prohibitions, insurers may limit their liability and impose whatever conditions they please upon their obligations not inconsistent with public policy." In 29 Am.Jur., p. 475, § 586, it is said: "A statement by an applicant for insurance as to prior applications or rejections is material as a matter of law, and if false, avoids the policy regardless of the good faith of the applicant and regardless of whether the statement constitutes actual fraud. A fortiori, where such statement is agreed by the parties to be material, or where its truthfulness is warranted or made a condition of the validity of the policy, a false statement that the insured has not applied or been rejected for other insurance avoids the policy, even in the absence of knowledge on the part of the applicant that he has been rejected." Cited by the text as supporting the above is State Mutual Life Ins. Co. v. Rosenberry, Tex.Com.App., 213 S.W. 242. Moreover, no objection was interposed to the charge by appellants for failure to submit any issue nor was any objection made by them to any of the issues that were submitted. Hence they cannot complain on appeal of the trial court's alleged dereliction in this respect. Field v. Sosby, Tex.Civ.App., 226 S.W.2d 484 (w/r).

It is our conclusion, then, that the trial court properly disregarded all the issues of the jury and the answers thereto based upon or having reference to the application for insurance and properly entered judgment for appellee upon the undisputed evidence, and the remaining findings by the jury, especially special issue No. 4, and the answer thereto.

We have examined all other points advanced by appellants and have concluded that they do not present reversible error.

The judgment is therefore affirmed.