H. E. LANE, Appellant,

v.

The TRAVELERS INDEMNITY COMPANY, Appellee.

No. 7598.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 3, 1964.

Rehearing Denied Nov. 24, 1964.

Sidney Lee, Texarkana, for appellant.

Cahill Hitt, Norman Russell, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellee.

FANNING, Justice.

H. E. Lane sued The Travelers Indemnity Company to recover for a fire loss, defendant insurance company having previously issued a fire insurance policy to plaintiff Lane. Defendant, among other defenses, alleged that the policy contained a contractual warranty that the premises were to be used as a tenant dwelling, when in fact they were used for other purposes.

A jury answered the special issues submitted to it. The trial court rendered judgment in favor of defendant. Plaintiff has appealed.

The policy in question in the section entitled "Description of Property", and above the term "occupancy", listed the insured building as "Dwelling-Tenant." The policy in question contained, among others, the following basic conditions:

"Unless otherwise provided in writing added hereto, this company shall not be liable for loss occurring * * *

"(e) *while any other stipulation or condition of this policy is violated.*" (emphasis added)

In Harris v. Allstate Insurance Co., Tex. Civ.App., 249 S.W.2d 669, writ refused (1952), the court defined a warranty in the following language, on p. 673:

"Generally speaking warranties, are statements, stipulations, or conditions which form a part of the contract, whereby the insured contracts as to the existence of certain facts, circumstances, or conditions, the literal truth as to which is essential to the validity of the contract."

Under the uncontroverted evidence from the date of the purchase of the policy by plaintiff Lane on June 18, 1962, to November 30, 1962, the date of the fire in question, the premises in question were never used as a tenant dwelling since plaintiff Lane during such period of time did not own the premises and during such time such premises were owned by Floyd McGowen and wife, and the McGowens during said period occupied such dwelling and premises, not as tenants but as owners thereof.

We hold that the trial court was correct in rendering judgment for defendant-appellee because the statement in the policy that the occupancy of the premises was for a tenant dwelling was a contractual warranty and the uncontroverted evidence shows that the premises in question were not used as a tenant dwelling. See the following authorities: Freeman v. Commercial Union Assurance Company, Tex. Civ.App., 317 S.W.2d 563, writ ref., n. r. e. (1958); Harris v. Allstate Insurance Company, Tex.Civ.App., 249 S.W.2d 669, writ refused (1952); Trinity Universal Insurance Company v. Winter, Tex.Civ.App., 67 S.W.2d 926, writ dism. (1934).

While we hold that the trial court correctly rendered judgment for defendant-appellee on its defense of contractual warranty, we modify the judgment so as to allow plaintiff-appellant to recover judgment of and from defendant-appellee the sum of

$92.00, which was the amount of the premium paid by plaintiff-appellant to defendant-appellee for the policy in question.

The judgment of the trial court is affirmed as modified.