**H. E. LANE, Petitioner,**

v.

**The TRAVELERS INDEMNITY COMPANY,**
Respondent.

No. A–10529.

Supreme Court of Texas,

June 2, 1965.

Sidney Lee, Texarkana, for petitioner.

Atchley, Russell, Hutchinson & Waldrop, Cahill Hitt, with above firm, Texarkana, for respondent.

CALVERT, Chief Justice.

Petitioner Lane sued The Travelers Indemnity Company, respondent, on a fire insurance policy and to recover part of the premium which had been paid. The case was submitted to a jury on a number of special issues. Following return of the jury's verdict the trial court rendered judgment that the plaintiff take nothing. The

Court of Civil Appeals modified the judgment to the extent of decreeing recovery by the plaintiff of the total premium paid for the policy, and affirmed the judgment as thus modified. 383 S.W.2d 955. We reverse the judgments of the courts below and remand the case to the trial court with directions to render judgment for plaintiff Lane.

■ The only question for decision is whether statements in a Texas Standard Fire Insurance Policy descriptive of the property are warranties. We hold they are not. There were other issues between the parties in the trial court but they have gone out of the case.

Lane purchased the contract of fire insurance on a house situated nine miles southwest of Linden, Texas. Lane was not the owner of the property, but he had an insurable interest in it as a lienholder. A printed Texas standard fire insurance policy form was used in preparing the contract. In the section of the form titled "DESCRIPTION OF PROPERTY" are blank lines for showing number of stories, type of roof, construction, location and occupancy. The words "Dwelling-Tenant" were written on the line over "occupancy." The house was a dwelling and it was occupied as such at all relevant times, but it was not occupied by a tenant; it was occupied by its owners, Mr. and Mrs. Floyd McGowen. It was destroyed by fire some five and one-half months after the contract was purchased. Lane sued for the amount of his debt which was less than the amount of insurance.

■ In answer to a special issue the jury found that "Plaintiff warranted in the insurance contract that the property insured was to be occupied as a dwelling-tenant." The question submitted by the issue is one of law and not of fact, and the Court of Civil Appeals properly so treated it. However, we disagree with the Court of Civil Appeals' conclusion that the statement of occupancy was a contractual warranty and

that the falsity of the statement relieves the respondent insurer of liability.

The basis on which the Court of Civil Appeals affirmed the trial court's judgment denying recovery on the policy is difficult to determine from its opinion. That court held that the statement in the policy that the dwelling was occupied by a tenant was a "contractual warranty," and yet it did not hold that a breach of the warranty voided the policy. Instead, the court seems to have used another policy provision as a basis for denying recovery. The policy provision used by the court is one of several appearing under the heading "BASIC CONDITIONS," and is titled "Conditions Suspending or Restricting Insurance." It reads:

"Unless otherwise provided in writing added hereto, this Company shall not be liable for loss occurring (a, b, and c applicable only to Coverage F— Fire):

(a) while the hazard is increased by any means within the knowledge and control of the insured, provided such increase in hazard is not usual and incidental to the occupancy as hereon described; or

(b) while a described building, whether intended for occupany by owner or tenant, is vacant beyond a period of thirty consecutive days; or

(c) as a result of explosion or riot, unless fire ensue, and in that event for loss by fire only; or

(d) following a change in ownership of the insured property; or

(e) *while any other stipulation or condition of this policy is being violated.*" [1]

But if the basis of the Court of Civil Appeals' judgment is somewhat unclear, the position of respondent Travelers is not. Travelers' position is that the statement was a warranty; that the truth of the mat-

---

1. Emphasis ours throughout unless otherwise indicated.

ter warranted was a condition precedent to validity of the contract; and that the policy never became effective.

■ If the quoted provision of the policy is intended to relieve an insurer of liability because of mere misrepresentations, without proof and findings of materiality, it runs afoul of Art. 21.16, Vernon's Texas Insurance Code, which provides:

"Any provision in any contract or policy of insurance issued or contracted for in this State which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case."

The stricture of the statute is applicable whether the exonerating policy provision be that the contract "shall be void" or only that the insurer "shall not be liable." It follows that Travelers was not entitled to be relieved of liability in this case unless the statement that the dwelling was occupied by a tenant was a warranty.

Travelers argues that the statement cannot be a representation and it must, therefore, be a warranty. A semblance of support for the argument is found in Doyle v. Great Southern Life Ins. Co., Tex.Civ.App., 126 S.W.2d 735, 737 (1939), affirmed 136 Tex. 377, 151 S.W.2d 197 (1941), in which Couch on Insurance, 1st Edition, is quoted as defining a representation as *"an oral or written statement which precedes the contract of insurance and is no part thereof,*

*unless it be otherwise stipulated,* \* \* \* and relates to the facts necessary to enable the underwriter to form his judgment whether he will accept the risk, and at what premium."* For similar statements, see 7 Couch on Insurance, 2d Ed., §§ 35:2, 35:3, 35:4. But Couch qualifies the quoted statement in § 35:9, 2d Ed., as follows:

"By the basic definition, the representation is not a part of the contract of insurance and therefore is not a term of the contract. *This, however, does not preclude the inclusion or repetition within the policy itself of the representations. Such statements will be given effect only as representations* and not as warranties when it is expressly stipulated that they are merely representations, or *if it appears from the contract read as a whole that they were so intended."*

Moreover, Art. 21.16, quoted above, contains a clear recognition that a statement "in the contract of insurance" may be nothing more than a representation the falsity of which must be shown to have been material to the risk or to have contributed to the event on which the policy became payable before an insurer is relieved of liability.

■ The word "warranty" as related to contracts of insurance has been variously defined. Respondent adopts a definition taken from Texas Jurisprudence and quoted in Trinity Universal Ins. Co. v. Winter, Tex.Civ.App., 67 S.W.2d 926, 928 (1934), writ dismissed, as follows:

" \* \* \* generally speaking, warranties are statements, stipulations, or conditions which form a part of the contract, whereby the insured contracts as to the existence of certain facts, circumstances, or conditions, the literal truth as to which is essential to the validity of the contract."

A definition given by Couch is substantially in accord. See 7 Couch on Insurance, 2d Ed., § 35:2. Petitioner adopts a definition

found in the opinion of this Court in Phoenix Assur. Co. v. Munger Imp. Cotton-Mach. Mfg. Co., 92 Tex. 297, 49 S.W. 222, 225 (1898), as follows:

"A warranty in an insurance contract is a statement made therein by the assured, which is susceptible of no construction other than that the parties mutually intended that the policy should not be binding unless such statement be literally true."

There is no real or substantial difference between the two definitions. Both embrace the central idea that for a statement in a policy to constitute a warranty, the parties must have intended that the policy stand or fall on the literal truth or the falsity of the statement. In addition to that idea, the second definition incorporates the rule that in determining whether a particular statement is a warranty or only a representation, the entire policy will be considered and construed to prevent a forfeiture. The rule is a well recognized one. See 12 Appleman on Insurance, § 7342; 1 Couch on Insurance, 2d Ed., § 15:95.

■ We adopt the view that statements in a policy of insurance may be representations, and we conclude that statements in a Texas Standard Fire Insurance Policy descriptive of the property are representations and not warranties. Normally, statements descriptive of the property will be made orally by the applicant to the agent of the insurer before they are placed in the policy. At this stage of contractual negotiations they are clearly representations. Their purpose is to enable the agent to form a just estimate of the risk, and to determine whether to accept or reject it and what premium will be charged if it is accepted. 7 Couch on Insurance, 2d Ed., § 35:6. When included in the policy, these statements have none of the indicia usually associated with a warranty. There is no express declaration in the policy that they are warranties. There is no provision that the policy is to be effective only if the statements are true. There is no provision that the policy shall be void if the statements are untrue. To hold that statements of this character are warranties could lead to absurd results. For example, an insurer could escape liability if a statement of occupancy was "Storage-Explosives" when in fact the property was occupied by the insured and his family as their unencumbered dwelling. Another descriptive statement in the instant policy is that the insured property is of frame construction with a composition roof. If the statement is a warranty, the insurer could escape liability by proving that the house was constructed of brick and had a sheet metal roof, even though with the actual type of construction and roof the risk was less and the premium much lower. It would be unreasonable to conclude that parties to a fire insurance contract intend its provisions to lead to such absurd results.

Moreover, another provision under the "BASIC CONDITIONS" part of the policy expressly states the circumstances under which the policy shall be void. The provision is titled "Concealment, fraud" and reads:

*"This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance, or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."*

The provision is the only one in the policy defining conditions which render the policy void. By the provision, a Texas Standard Fire Insurance Policy is void only if *material* facts or circumstances concerning the insurance or the subject of the insurance are *wilfully* concealed or falsely represented. The policy provisions are inconsistent if statements describing the property are held to be warranties and their falsity voids the policy without reference to their materiality. By holding the statements to be representations to which Art. 21.16 is

applicable, the two provisions are made consistent and harmonious.

No useful purpose would be served by a lengthy review of the many Texas decisions dealing with warranties and representations. The principal decisions cited by respondent in support of its position are National Fire Ins. Co. v. Carter, Tex.Com. App., 257 S.W. 531, 199 S.W. 507 (1924); Fidelity Union Fire Ins. Co. v. Pruitt, Tex. Com.App., 23 S.W.2d 681 (1930); Trinity Universal Ins. Co. v. Winter, Tex.Civ.App., 67 S.W.2d 926 (1934), writ dismissed; Harris v. Allstate Ins. Co., Tex.Civ.App., 249 S.W.2d 669 (1952), writ refused, and Freeman v. Commercial Union Assurance Co., Tex.Civ.App., 317 S.W.2d 563 (1958), writ refused, n. r. e. These cases will be analyzed briefly.

In National Fire Ins. Co. v. Carter, the provision said by the court to be a warranty was a "sole ownership," not a property description provision. In Fidelity Union Fire Ins. Co. v. Pruitt, the court assumed that the policy contained a provision stating that the building was insured "while occupied by owner and not otherwise." In the instant case the policy contains no provision stating that the building was insured "while occupied as stated in the policy and not otherwise." In Trinity Universal Ins. Co. v. Winter, the automobile insurance policy sued on expressly provided that the statements contained in the policy were warranties, and further provided that the policy should be void if the insured misrepresented a material fact. The statement of the motor number of the stolen automobile was incorrect. The court held only that the misrepresentation was material to the risk as a matter of law and voided the policy. Dismissal by this Court of writ of error in the case did not constitute a holding that the statement was a warranty. Affirmance by the Court of Civil Appeals of a trial court judgment for the insurer in Harris v. Allstate Ins. Co. was rested upon a conclusion that a representation that no policy of insurance on the automobile had been cancelled within a period of two years was material as a matter of law. Our refusal of writ of error, no reversible error, in Freeman v. Commercial Union Assurance Company did not constitute approval of the holding of the Court of Civil Appeals that the statement of occupancy in the fire insurance policy was a contractual warranty. There were jury findings in the case which furnished a sound basis for the judgment for the insurer. Thus all of the cited cases are distinguishable.

The judgments of the Court of Civil Appeals and the trial court are reversed and the cause is remanded to the trial court with directions to render judgment in accord with this opinion for the plaintiff for such sum as may be due.