**Doris BOWIE, Appellant,**

v.

**RANGER INSURANCE COMPANY, Appellee.**

No. 5116.

Court of Civil Appeals of Texas, Eastland.

March 9, 1978.

Rehearing Denied March 30, 1978.

Harold J. Dollinger, Dallas, for appellant.

Lewis R. Sifford, Anderson, Henley, Shields & Miller, Dallas, for appellee.

McCLOUD, Chief Justice.

Doris Bowie, Individually and as Independent Executrix of the Estate of Loren Bowie, Deceased, sued Ranger Insurance Company on an insurance policy seeking recovery of $7,500 for damages to an aircraft. Plaintiff's husband, Loren Bowie, who was killed in the aircraft crash, was the named insured in the policy in question. Defendant answered that there was no coverage because at the time of the crash Loren Bowie, the pilot, did not have a "valid" medical certificate because he had fraudulently obtained his "medical certificate" from the Federal Aviation Administration. The facts were stipulated and following a nonjury trial, the trial court rendered judgment that plaintiff take nothing. Plaintiff has appealed. We reverse and render.

Defendant relies upon the following provisions of the policy:

"7.  PILOT CLAUSE: Only the following pilot or pilots holding valid and effective pilot and medical certificates with rating as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight.

.    .    .    .    .

23.  Fraud or Misrepresentation. This Policy shall be void if the Insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or in case of any fraud, attempted fraud or false swearing by the Insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The parties stipulated that at the time of the crash Loren Bowie, the pilot, possessed a valid and effective pilot certificate and held a Class III medical certificate; the medical certificate was issued August 29, 1973, and secured from Dr. Beiser, a licensed medical examiner for the Federal Aviation Administration; Loren Bowie experienced a heart attack or myocardial infarction in 1962; he knew that he had experienced a heart attack and had heart trouble prior to the time he executed applications for airman medical certificates in 1971 and 1973; on September 17, 1971, and August 29, 1973, Loren Bowie knowingly made a false representation to Dr. Beiser and the Federal Aviation Administration by and through written applications for an airman's medical certificate that he had never had "heart trouble"; such false representation by Bowie was material to the issuance of the medical certificate; Dr. Beiser would not have issued the certificate if he had been truthfully advised of Bowie's prior heart trouble; if Dr. Beiser received an affirmative answer regarding prior "heart trouble" he was required to forward the application to the Federal Aviation Administration's Aero-Medical Center for further action; from the date of his heart attack in 1962 until his death on May 5, 1975, Loren Bowie regularly took prescribed medication for his heart; Loren Bowie represented to Ranger Insurance Company by and through the "pilot clause" of the insurance contract that the aircraft would only be operated by a pilot holding a valid and effective medical certificate with ratings as required by the Federal Aviation Administration; such representation by Bowie to Ranger Insurance Company was material to the risk assumed by defendant in the issuance of the insurance policy and actually contributed to the contingency which rendered the policy payable; such contingency being that at the time of damage to the aircraft, it would have been operated by a pilot holding a valid and effective medical certificate as required by the Federal Aviation Administration; the representation that the aircraft would only be operated by a pilot holding a valid and effective medical certificate as required by the Federal Aviation Administration was relied upon by defendant in the issuance of the policy; and, defendant would not have issued the policy on the aircraft in question if it had known of

the false representation concerning prior "heart trouble" made by Loren Bowie to Dr. Beiser and the Federal Aviation Administration in order to obtain an airman's medical certificate.

Plaintiff contends the representation made to Ranger Insurance Company that the aircraft would only be operated by a pilot holding a valid and effective medical certificate was not violated. Defendant argues that when Loren Bowie represented to it that only pilots holding "valid and effective" medical certificates would operate the aircraft, he necessarily represented that he had properly complied with all of the requirements for such certificate. Defendant urges that under paragraph 23, "Fraud or Misrepresentation", copied above, the policy is void because the medical certificate was obtained by fraud. Defendant says the policy is void since there was fraud "touching" a very material matter relating to the policy.

■ At the time of the crash, Loren Bowie possessed a medical certificate issued by the Federal Aviation Administration. The certificate had not been amended, modified, suspended or canceled by the FAA. The evidence conclusively establishes that the aircraft was being operated by a pilot holding a "valid and effective" medical certificate.

Paragraph 23 of the policy entitled, "Fraud or Misrepresentation" is not as inclusive as defendant contends. The provision is limited by Tex.Ins.Code Ann. art. 21.16, which provides:

"Misrepresentation by Policyholder

Any provision in any contract or policy of insurance issued or contracted for in this State which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed

to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case. Acts 1951, 52nd Leg., ch. 491."

It will be noted the statute refers only to false "answers or statements made in the application . . . or in the contract of insurance . . ." The court in *Vernon v. Aetna Insurance Company,* 301 F.2d 86 (5th Cir. 1962) was concerned with a provision identical to paragraph 23 urged here by defendant, and after reviewing the public policy relating to forfeiture clauses contained in insurance contracts, stated: "False statements . . . though not specified in the statute are nonetheless included within the same prohibition." The court added:

"The policy plainly revealed by these provisions is one flatly opposed to the use of forfeiture clauses to avoid the obligations of insurance contracts solely upon a showing that the insured has made, at any time, a false statement with respect to the insurance or the subject thereof. Under the statutory scheme, only those falsehoods which are material to the risk, if made before the loss occurs, . . . may be made the basis for voiding a policy pursuant to a forfeiture clause."

■ It is clear the false representation must be material, *Lane v. Travelers Indemnity Company,* 391 S.W.2d 399 (Tex.1965), and a misrepresentation is not material to the risk unless it actually induces the insurance company to assume the risk. *Westchester Fire Insurance Company v. English,* 543 S.W.2d 407 (Tex.Civ.App.—Waco 1976, no writ). The court in *Harrington v. Aetna Casualty and Surety Company,* 489 S.W.2d 171 (Tex.Civ.App.—Waco 1972, writ ref. n. r. e.) said:

"Aetna says that, within the meaning of article 21.16 of the Ins. Code, a misrepresentation in an application for insurance is 'material to the risk' if, had the true facts been known, the insurer would have charged a higher premium for the

policy issued. There is dicta in a number of cases which supports Aetna's position; but we believe the rule to be that the misrepresentation is not 'material to the risk,' as that phrase is used in the statute, unless it actually induced the insurance company to assume the risk . . ."

Ranger Insurance Company was not aware of the representation made by Loren Bowie to Dr. Beiser concerning Bowie's heart condition when defendant issued the policy on September 5, 1974. Dr. Beiser examined Loren Bowie for the FAA. He did not examine Bowie for or on behalf of Ranger Insurance Company. The defendant at no time asked Loren Bowie any questions concerning his heart. There is no express language in the policy excluding coverage in the event the person piloting the aircraft made a false statement to the FAA to procure a pilot or medical certificate. The representations made to Dr. Beiser in 1971 and 1973 in connection with Loren Bowie's obtaining a medical certificate from the Federal Aviation Administration is not evidence of a material misrepresentation made by Loren Bowie to defendant which induced defendant to assume the risk. The stipulation that the false representation was material to the issuance of the medical certificate is not evidence that the representation was material to the issuance of the policy by defendant.

The cases cited by defendant are distinguishable. None involve misrepresentations by an applicant seeking insurance coverage.

The evidence will not support the trial court's judgment upon any theory. Judgment of the trial court is reversed and judgment is rendered for plaintiff for $7,500.

RALEIGH BROWN, J., not participating.