**REVERSE and REMAND and Opinion Filed August 20, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00915-CV

**TAC MED HOLDINGS, INC. AND LORETTA YOUNG, Appellants**
**V.**
**REV RECREATION GROUP, INC. F/K/A ALLIED RECREATION GROUP, INC.,**
**Appellee**

On Appeal from the 296th Judicial District Court
Collin County, Texas
Trial Court Cause No. 296-02909-2017

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

Appellants Tac Med Holdings, Inc. and Loretta Young purchased a motor home from a dealer in Arizona and picked it up from the manufacturer, REV Recreation Group, Inc. f/k/a Allied Recreation Group, Inc., in Indiana. When problems arose with the motor home, appellants sued in Collin County, Texas. REV moved to dismiss based on a forum selection clause contained in appellants' sales contract with the dealer. The trial court granted the motion and dismissed the lawsuit. Appellants challenge that ruling on appeal. For reasons set out below, we reverse the order dismissing appellants' claims against REV and remand the cause to the trial court with instructions to reinstate the case.

FACTUAL BACKGROUND

Young is a resident of Hidalgo County, Texas, and owns Tac Med, a Texas corporation. REV is a motor home manufacturer located in Indiana. In May 2015, appellants purchased a 2015 Holiday Rambler from the Lazydays RV dealership in Tucson, Arizona. According to the petition, appellants had problems with the motor home almost immediately. Young notified REV, who instructed her to take it to the factory in Oregon for repairs. When Young reached Oregon, the motor home caught fire. Young notified Lazydays and REV that she was afraid to drive the Rambler after the fire incident.

According to the petition, Lazydays and REV advised appellants that their "only remedy" was to purchase a more expensive diesel motor coach, which they did. Appellants paid $309,000 for the 2016 Monaco Diplomat and went to REV's manufacturing facility in Indiana to pick it up. Once there, appellants allege, REV and/or Lazy Days "admonished" her that the "only way" she could take delivery would be to sign the sales contract. The contract identified Tac Med as buyer and Lazydays as seller and contained the forum selection clause at issue here. The clause, in all caps, provided as follows:

> 15. APPLICABLE LAW, MANDATORY MEDIATION, VENUE AND FEES: THIS CONTRACT AND DISPUTE BETWEEN SELLER AND PURCHASER ARE GOVERNED BY ARIZONA LAW WITHOUT REFERENCE TO ITS CONFLICT OF LAW PROVISIONS. PURCHASER WILL PARTICIPATE IN PRE-SUIT MEDIATION BEFORE FILING ANY LEGAL ACTION AGAINST SELLER. *ALL LEGAL ACTIONS BROUGHT BY PURCHASER OR SELLER RELATING TO THE VEHICLE PURCHASED OR ITS SALE, SERVICE OR USE MUST BE FILED EXCLUSIVELY IN PIMA COUNTY, ARIZONA.* PURCHASER UNCONDITIONALLY WAIVES ANY RIGHT TO INITIATE OR PARTICIPATE IN ANY CLASS ACTION OR CLASS ARBITRATION.

(Emphasis added.)

In the contract, the seller disavowed any implied warranty of merchantability or of fitness for a particular purpose on new vehicles unless the seller gave the purchaser a written warranty, "on Seller's behalf," or, at the time of sale or within ninety days, the seller entered into a service

–2–

contract with the buyer. The seller provided a limited implied warranty of merchantability for used cars. Finally, the seller included the following provision in boldface type:

**13. FURTHER EXCLUSION OF WARRANTIES: ALL WARRANTIES OR SERVICE CONTRACTS, IF ANY, BY A MANUFACTURER, SUPPLIER OR SERVICE CONTRACT PROVIDER, OTHER THAN SELLER, ARE THEIRS, NOT SELLER'S, AND ONLY SUCH MANUFACTURER, SUPPLIER OR PROVIDER SHALL BE LIABLE FOR PERFORMANCE UNDER SUCH WARRANTIES. PURCHASER UNDERSTANDS THAT SELLER IS NOT AN AGENT OF ANY MANUFACTURER, WARRANTOR OR SERVICE CONTRACT PROVIDER. . . .**

Young signed the contract and left. As with the Holiday Rambler, appellants had problems with the new motor home almost immediately. Those problems continued over the next year. In June 2017, appellants filed this lawsuit against Lazy Days and REV.

In their lawsuit, appellants alleged "never-ending" problems with the motor home that substantially impair its use, safety, and value, appellants' attempts to have the motor home repaired, and misrepresentations made by both REV and Lazydays. They sued both defendants for DTPA violations, unconscionable acts, breach of warranty, fraud, and breach of contract.

In response to the lawsuit, the defendants filed a joint motion to dismiss based on the forum selection clause in the sales contract. In their response, appellants noted that REV was not a signatory to the sales contract and raised unconscionability and absence of contractual privity. REV then filed a brief arguing it was entitled to enforce the clause in the retail sales contract because (1) under the express language of the provision, all parties intended "all legal actions" related to the Monaco to be brought in Arizona, including appellants' claims against REV, and (2) as a nonsignatory, REV could enforce the provision under a theory of direct benefits estoppel because appellants seek to enforce direct benefits under the contract against REV, specifically the "manufacturer's warranties conferred to Plaintiffs under the Contract, and all such claims are covered under the clause."

–3–

On the day of the hearing on the motion to dismiss, appellants nonsuited Lazy Days and went forward only as to REV. At the hearing, REV presented no evidence and made the same arguments as it made in its brief to the trial court. Thereafter, Young testified to the circumstances surrounding the purchases of both motor homes, the Rambler and the Monaco.

According to Young, she purchased the Monaco after the Rambler caught fire, and "they" (presumably, Lazydays and/or REV representatives) told her if she bought a diesel motor home, she would not have to worry about it "blowing up." Young said she selected the Monaco, paid for it, and then drove to the service factory in Indiana to pick it up. When she got there, she had to wait several hours to take delivery. During that time, she was asked to sign the sales contract but declined, saying she was not "signing anything until I know I have something that works." Finally, late in the day, the Monaco was brought to the parking lot and she was again asked to sign the contract. According to Young, she was told if she wanted to leave with the motor home, she needed to sign "this piece of paper."

Young signed the contract and left the factory with the motor home. Within fifty miles, a problem arose with the diesel engine light and she took the vehicle back to the factory. After that, Young said she was never able to take the vehicle out when it has not broken. As of the date of the hearing, she said it had been sitting in her driveway for seventeen months and was unable to use it. Young was asked if she felt like she had an alternative to signing the contract, and she said, "No." When asked if she believed she was forced to sign it, she said, "Yes." She also said she did not receive the VIP package that she was promised.

Young's friend, Lorna Miedema, testified she went with Young to Indiana to pick up the Monaco. Miedema said they brought the motor home to the parking area and told Young there were documents she needed to sign to take the RV. Miedema said, in her opinion, she did not believe Young had an alternative but to sign the documents.

–4–

The trial court subsequently found the forum selection clause was valid and enforceable and ordered appellants' claims against REV dismissed without prejudice. Appellants filed a motion for rehearing or, in the alternative, motion for new trial, which was denied. This appeal followed.

ANALYSIS

In three issues, appellants argue the trial court erred in granting the motion to dismiss based on a clause contained in a sales contract executed only by the retail seller and appellants, and not by the only defendant remaining in the suit, REV. They argue there is no language in the contract evidencing any intent to include REV in the forum selection clause paragraph and, contrary to REV's assertion otherwise, REV's liability does not arise solely from the contract containing the clause.

We review a motion to dismiss predicated on a forum selection clause for an abuse of discretion. *Black v. Diamond Offshore Drilling, Inc.*, 551 S.W.3d 346, 352 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Under this standard, we defer to the trial court's factual determinations if they are supported by the evidence, but we review the trial court's legal determinations de novo. *Rieder v. Meeker*, No. 02-17-00176-CV, 2018 WL 5074703, at *4 (Tex. App.—Fort Worth Oct. 18, 2018, no pet.) (mem. op.). When the dismissal order is based on the interpretation of a contract containing a forum selection clause, we review the trial court's interpretation of the contract de novo. *Id.* Courts interpret unambiguous clauses according to their plain language under contract interpretation principles. *Id.*

As a general rule, a forum selection clause cannot be invoked by a nonparty to the contract. *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 443 (Tex. 2017); *Black*, 551 S.W.3d at 352. In some circumstances, however, a nonsignatory may be permitted to enforce a forum selection clause. *Black*, 551 S.W.3d at 352; *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d

732, 739 (Tex. 2005) (listing six recognized theories that may bind nonsignatories: "(1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel; and (6) third-party beneficiary."). Ultimately, we must determine the intent of the parties as expressed in the terms of the agreement by applying ordinary principles of state contract law to determine whether a nonsignatory may enforce the forum selection clause. *Black*, 551 S.W.3d at 352.

REV bore the burden in the trial court to identify and prove a theory under which it could enforce the provision as a nonsignatory. REV first asserted that the clear intent of the contract, as expressed by Lazydays and appellants, was that "all legal actions" relating to the Monaco, whether brought by plaintiffs or Lazydays, must be brought in Pima County, Arizona. REV asserts that the factual allegations against it relate to the Monaco, or its sales, service or use; thus, the forum selection clause applies, and REV is entitled to enforce it, whether it is a signatory or not.

Although we agree the language of the forum selection clause broadly includes all legal actions brought by the Purchaser or Seller "relating to" the Monaco "or its sale, service or use," REV was not a party to this agreement nor is there any language suggesting REV is otherwise intended as a party within the scope of the contract. To the contrary, the sales contract makes clear that the seller is not the agent of any manufacturer. Moreover, the contract disavows any connection to the manufacturer or the manufacturer's warranties, which REV acknowledges are the basis of the claims against it. Paragraph 13 of the sales contract specifically advises that all warranties, "if any," by a manufacturer are the responsibility of the manufacturer, not the seller, and only the manufacturer shall be liable for performance under such a warranty. Taking REV's proposed construction of the contractual language to its logical extension, appellants could be forced to litigate in Arizona a car accident that occurred in Massachusetts or a complaint about an oil change that occurred in Washington based on nothing more than the broad language of the forum selection clause. Such a result, we believe, is absurd. *See Lane v. Travelers Indem. Co.*,

391 S.W.2d 399, 402 (Tex. 1965) (refusing to construe contract in manner leading to absurd results). Thus, to the extent the trial court relied on the language of the agreement to allow REV to enforce the clause, the trial court abused its discretion.

REV next argues it can enforce the forum selection clause under the theory of direct benefits estoppel. Direct benefits estoppel is an equitable theory recognized by Texas courts that allows non-signatories to enforce arbitration and forum selection clauses. *Black*, 551 S.W.3d at 355. Under the theory of direct benefits estoppel, a nonsignatory may enforce a forum selection clause in a contract that contains other terms on which the signatory plaintiff must rely to prosecute her claims. *Black*, 551 S.W.3d at 355; *Smith v. Kenda Capital, LLC*, 451 S.W.3d 453, 458 (Tex. App.—Houston [14th Dist.] 2014, no pet.). This species of estoppel applies when a signatory's claim against a nonsignatory "references or presumes the existence of the written agreement" containing the clause. *Smith*, 451 S.W.3d at 458–9; *see In re Cornerstone Healthcare Holding Grp., Inc.,* 348 S.W.3d 538, 544–45 (Tex. App.—Dallas 2011, orig. proceeding) (applying direct benefits estoppel to allow nonsignatory to enforce forum selection clause against signatory).

Whether a claim seeks a direct benefit from a contract depends on whether "liability arises solely from the contract or must be determined by reference to it" or whether "liability arises from general obligations imposed by law." *Black*, 551 S.W.3d at 355 (quoting *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132 (Tex. 2005) (orig. proceeding)). A claim does not seek a direct benefit from the contract if liability under the claim "arises from general obligations imposed by state law, statutes, torts, and other common law duties, or federal law." *Id.* (quoting *In re Morgan Stanley & Co.*, 293 S.W.3d 182, 184 n.2 (Tex. 2009) (orig. proceeding)).

Here, appellants' petition alleged claims for defects in the motor home purchased from Lazydays and manufactured by REV, attempts to repairs those problems, and misrepresentations made during that process. Those claims included alleged violations of the DTPA, unconscionable

acts, and breach of warranty. REV argues that regardless of the claims pleaded, appellants' claims against it are "fundamentally founded on the Contract between Appellants and [Lazydays] and the warranties conferred by REV to Appellants under the contract."

But, as explained previously, the contract does not confer any manufacturer's warranties; rather, it expressly states that manufacturer's warranties, "if any," are "theirs, not seller's," and only the manufacturer "shall be liable for performance under such warranties." The "if any" language, in this context, can only mean that the seller is not representing that any such warranties exist. In other words, the sales contract not only does not contain manufacturer's warranties, it expressly disclaims them, contrary to any assertion otherwise by REV. Any implied warranties would arise from the fact that appellants purchased the motor home and not the sales contract itself. *See Delaney v. Gulf Stream Coach, Inc.*, No. H-08-2018, 2008 WL 5114955 (S.D. Tex. Dec. 3, 2008) (unreported opinion) (concluding non-signatory purchasers of motor home not bound to forum selection clause contained in limited warranty agreement under theory of direct benefits estoppel; court explained that implied warranty claims arose from sale of goods itself and were independent of obligations found in limited warranty, and purchasers did not "knowingly exploit" agreement because they did not have knowledge of it when they first sought repairs). Consequently, we cannot agree that appellants are claiming a benefit under the sales contract with respect to the claims against REV and the trial court erred to the extent it concluded REV established its entitlement to enforce the clause under the theory of direct benefits estoppel.

In its responsive brief, REV argues for the first time on appeal that it was also entitled to enforce the clause under the theory that it was a "transaction participant."[1] Having failed to present this theory below, it could not have formed the basis for the trial court's decision. *See Greene v.*

---

[1] . The Texas Supreme Court has left open whether the transaction participant theory applies in the forum selection context and under what circumstances. *See Pinto Tech., Ventures*, 526 S.W.3d at 444–45. The transaction-participant theory is similar to the doctrine federal courts employ to bind nonsignatories to forum selection clauses when they are "closely related to the contractual relationship." *Id.* This Court applied the doctrine in *Accelerated Christian Education, Inc. v. Oracle Corp.*, 925 S.W.2d 66, 75 (Tex. App.—Dallas 1996, no pet.).

*Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014) ("We do not consider *issues* that were not raised in the courts below, but parties are free to construct new *arguments* in support of issues properly before the Court."). Further, we note that REV presents its entire analysis in five sentences without any record citation. Central to its argument on this theory is its contention that appellants' rights to sue under the warranty were "conferred" in the contract, a position we have rejected. Thus, we cannot conclude REV has shown this theory applies under the circumstances of this case. We sustain appellants' issues one and two. Our disposition of these issues makes it unnecessary to address appellants' third issue. *See* TEX. R. APP. P. 47.1.

We reverse the order dismissing appellants' claims against REV and remand the cause to the trial court with instructions to reinstate the case.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

180915F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

TACMED HOLDINGS, INC. AND
LORETTA YOUNG, Appellants

No. 05-18-00915-CV          V.

REV RECREATION GROUP, INC. F/K/A
ALLIED RECREATION GROUP, INC.,
Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-02909-2017.
Opinion delivered by Justice Reichek;
Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the trial court's order of dismissal is **REVERSED** and this cause is **REMANDED** to the trial court with instructions to reinstate the case.

It is **ORDERED** that appellants TACMED HOLDINGS, INC. AND LORETTA YOUNG recover their costs of this appeal from appellee REV RECREATION GROUP, INC. F/K/A ALLIED RECREATION GROUP, INC..

Judgment entered August 20, 2019.

–10–